Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence affirms the denial of benefits but modifies the findings of fact and conclusions of law.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 21 October 1996, the date of the alleged injury by accident giving rise to this action, the parties were bound by and subject to the provisions of the North Carolina' Workers' Compensation Act.
2. On 21 October 1996, the employee-employer relationship existed between the defendant-employer and plaintiff.
3. On 21 October 1996, defendant was a duly qualified self-insurer, with Key Risk Management Services, acting as servicing agent.
4. Plaintiff's average weekly wage was $183.03.
***********
Based on the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. In the spring of 1996, plaintiff was rehired by defendant in the deli department and soon thereafter began working as a part-time cashier. Sometime in the summer of 1996 she asked for an increase in hours and began working as a "stocker" in the health and beauty aid section of the store.
2. As a health and beauty aid stocker, plaintiff ordered items such as medicines, vitamins, and hair and skin care products. When the items arrived, she would stock the shelves in the health and beauty aid aisles.
3. The items were delivered in plastic "totes," or storage containers. Some of the totes would be heavier than others because they varied in the number and type of items they contained. Toiletry items were randomly mixed in the totes. A tote could contain one bag of cotton balls or several bottles of shampoo and other items.
4. Plaintiff stocked the aisles by placing a tote on a shopping cart and pushing the cart up and down the aisle to find the item's location. Other employees would open a tote and place the items, not the tote, in the shopping cart. Plaintiff had also used that method. The store manager, Mr. Jones, did not instruct plaintiff to use one method over another.
5. Plaintiff testified that, sometime during the week following her twenty-first birthday on 19 October 1996, she lifted an unusually heavy tote and twisted her left knee as she swung the tote onto a shopping cart. She further testified that she felt a burning sensation in her left knee and that she immediately reported her injury to the assistant manager, Mr. Dillingham, and asked for a back brace so that she could try to lift the totes with her back because her knee was hurting. She further testified that the next day or the following day she reported her injury to the manager, Mr. Jones, and that Jones refused to report the injury despite her repeated requests. This testimony is not accepted as credible, based on the following additional findings.
6. Plaintiff did not miss time from work on the day of the alleged injury. She continued to work her regular job through December 1996 and asked for light duty work in mid-December 1996. She continued to work for defendant until 7 January 1997 and has not worked since, except for a brief interval when she attempted to work at a sheltered workshop.
7. Plaintiff did not report the alleged injury until 11 December 1996, when she telephoned Mr. Jones' supervisor, the district manager, and stated that Jones would not report the injury and that she needed medical treatment. The district manager then telephoned Jones, who asked for a meeting with plaintiff and Dillingham, and then filled out a Form 19 report of injury. Because plaintiff could not remember the date of the alleged injury, but professed to remember that it occurred the week following her birthday, the date of 26 October 1996 was agreed upon as satisfactory for the purposes of the Form 19 report.
8. Plaintiff had injured her knee in 1994 when she slipped on peanut shells on the floor at the Sagebrush restaurant where she was working. Sagebrush paid for her medical treatment, including surgery by Ralph Christian Estes, M.D., an orthopaedic surgeon. Before the alleged injury in 1996, her last visit with Dr. Estes was on 15 August 1994.
9. Plaintiff stated that she had no problems with her knee after Dr. Estes released her, except for occasional pain during cold weather. However, Mr. Dillingham noticed that plaintiff was limping when he first began employment with defendant on the first or second day of October 1996. At that time, he asked plaintiff about her limp, and plaintiff told him that that she had been injured at Sagebrush and her knee still bothered her. Mr. Jones had also noticed that plaintiff limped from time to time in July or August 1996.
10. During the summer and fall of 1996, plaintiff had several telephone conversations with the adjuster with Travelers Insurance Company, who insured the Sagebrush restaurant where plaintiff was injured. Plaintiff testified that Sagebrush had never "settled" her workers' compensation claim.
11. Sometime before 11 December 1996, plaintiff called the Travelers adjuster from the telephone at defendant's office to see if Sagebrush would pay for medical treatment for knee pain. Plaintiff understood that Travelers would not cover it because it had been two years since her last medical treatment. Mr. Jones did not tell plaintiff to seek recovery from Travelers for an injury that had occurred at defendant, because at that point Mr. Jones only knew that plaintiff had knee pain, not that she was alleging an injury at defendant.
12. Plaintiff went to the emergency room at Pardee Hospital on 31 December 1996 with a complaint of knee pain resulting from lifting. Plaintiff was referred to Dr. Estes.
13. She testified that she delayed in seeking medical treatment because she had bought a new car and could not afford a medical bill. Plaintiff did not have health care insurance.
14. Dr. Estes saw plaintiff on 7 January 1997. He performed another surgery on 9 January 1997. He diagnosed a disrupted plica on the inside of the knee which was caused by either a direct blow or a twisting, flexion injury which caused a shearing force on the knee tissue.
15. The greater weight of the evidence fails to establish that plaintiff injured her knee while working for defendant in October 1996.
***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant. G.S.97-2 et seq.
2. Plaintiff is not entitled to compensation under the Act.Id.
***********
Based upon the foregoing findings of fact and conclusions of law the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is DENIED.
2. Each side shall bear its own costs.
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ BERNADINE S. BALLANCE COMMISSIONER